UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

22-cr-80144-Smith/Maynard

CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 1956(h)
18 U.S.C. § 1425(a)
18 U.S.C. § 982(a)

UNITED STATES OF AMERICA

vs.

JOFF STENN WROY PHILOSSAINT,
MARIEL TOLLINCHI,
REGINE MARIE RENE, and
BRIANNA MONIQUE GAYLE,

Defendants.

_____/



FILED BY _SP_ D.C.

SEP 08 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Paycheck Protection Program

1.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of forgivable

loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2.      The types of businesses eligible for a loan included sole proprietorships.  In order to obtain a PPP loan, a qualifying business (through its authorized representative or the sole proprietor) signed and submitted a PPP loan application (Small Business Administration ("SBA") Form 2483) online through the lender's application platform.  In order to be eligible to obtain the PPP loan, the PPP loan application required the business (through its authorized representative or the sole proprietor) to acknowledge the program rules and make certain affirmative certifications. The certifications included an attestation that the business was in operation on February 15, 2020, and had employees for whom it paid salaries and payroll taxes, or paid independent contractors, or was a sole proprietorship with no employees.  In the PPP loan application, the small business (through its authorized representative or the sole proprietor) was required to provide, among other things, its average monthly payroll expenses and number of employees.  In addition, businesses applying for the PPP loan were required to provide documentation confirming their payroll expenses.  Typically, businesses supplied documents showing the amount of payroll taxes reported to the Internal Revenue Service ("IRS").  The sole proprietorship had to report and document the business' income and expenses, as typically reported to the IRS on Form 1040, Schedule C.  These figures and documentation were used to calculate the amount of money the small business was eligible to receive under the PPP.  Sole proprietorships were eligible to receive a maximum PPP loan of up to $20,833 to cover lost income.

3.      A PPP loan application was processed by a participating lender.  The SBA delegated authority to third-party lenders to underwrite and approve the loans.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100%

guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted electronically by the lender to the SBA in the course of processing the loan.

4.      PPP loan proceeds were required to be used by the business on certain permissible expenses — payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Economic Injury Disaster Loan Program

5.      Before the COVID-19 pandemic, SBA's Economic Injury Disaster Loan ("EIDL") program provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

6.      The CARES Act also authorized the SBA to provide EIDL assistance to eligible small businesses experiencing "substantial economic injury" (substantial financial disruptions) due to the COVID-19 pandemic. In order to obtain a COVID-19 EIDL, a qualifying business was required to submit electronically an EIDL application to the SBA and provide information about its operations, such as the number of employees, gross revenues, and the cost of goods sold for the 12-month period preceding January 31, 2020. The applicant was also required to certify under penalty of perjury that all of the information in the EIDL application was true and correct to the best of the applicant's knowledge.

7.      EIDL applications were submitted directly to, and processed by, the SBA, with support from a government contractor. EIDL funds were issued directly from the United States Treasury.

8.     In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL.  The amount of the advance was determined by the number of employees the applicant certified having at the small business.  The advances did not have to be repaid.

9.     SBA's email and loan application servers were located outside the State of Florida, so wire communications between banks and the SBA and between EIDL applicants located within Florida and the SBA necessarily traveled in interstate commerce.

### The Defendants, Businesses, Lenders, and Banks

10.    Defendant JOFF STENN WROY PHILOSSAINT was a resident of Broward and Miami-Dade Counties, in the Southern District of Florida.

11.    Defendant MARIEL TOLLINCHI was a resident of Broward County, in the Southern District of Florida.

12.    Defendant REGINE MARIE RENE was a resident of Palm Beach County, in the Southern District of Florida.

13.    Defendant BRIANNA MONIQUE GAYLE was a resident of Palm Beach and Miami-Dade Counties, in the Southern District of Florida.

14.    Co-conspirator Maurice Shazier was a resident of St. Lucie County, in the Southern District of Florida.

15.    Co-conspirator David Andre Johnson was a resident of Broward County, in the Southern District of Florida.

16.    Defendant JOFF STENN WROY PHILOSSAINT was the principal and registered agent of Royal Elite Trans, LLC ("ROYAL ELITE"), Elite International Financial Group, a/k/a Elite International Venture Capital ("EIVC"), and One Solution Group LLC ("ONE

4

SOLUTION"), purported businesses located in Broward County, in the Southern District of Florida.

17.    Defendant MARIEL TOLLINCHI was the Treasurer of the Cinda Foundation Inc. ("CINDA"), and her family members were the principals and registered agents of CINDA, Ferro's Entertainment and Production LLC ("FERRO'S"), and D.F. d/b/a "Perfect Landscaping" ("PERFECT LANDSCAPING"), purported businesses located in Broward County, in the Southern District of Florida.   TOLLINCHI was also the principal of Tollinchi Law P.A. ("TOLLINCHI LAW"), a law firm located in Broward County, in the Southern District of Florida.

18.    Defendant JOFF STENN WROY PHILOSSAINT was the president and TOLLINCHI LAW was the registered agent of Dad Money Investment Group, LLC ("DAD MONEY"), a purported business located in Broward County, in the Southern District of Florida.

19.    Defendant REGINE MARIE RENE was the principal and registered agent of Unfold Perception, LLC ("UNFOLD"), a purported business located in Palm Beach County, in the Southern District of Florida.

20.    Defendant BRIANNA MONIQUE GAYLE was an employee of EIVC and purportedly owned a sole proprietorship in her name located in Palm Beach County, in the Southern District of Florida.

21.    Co-conspirator Maurice Shazier was the principal and registered agent of Sunrise City Construction Development LLC ("SUNRISE CITY") and JREAM Vision T.V. LLC ("JREAM"), purported businesses located in St. Lucie County, in the Southern District of Florida.

22.    Co-conspirator David Andre Johnson was the principal and registered agent of D.D.Z. Family Enterprises L.L.C. ("DDZ"), a purported business located in Broward County, in the Southern District of Florida.

23.    Lender #1 was headquartered in New Jersey and was an approved SBA lender for PPP loans.

24.    Lender #2 was headquartered in Delaware and was an approved SBA lender for PPP loans.

25.    Lender #3 was headquartered in Utah and was an approved SBA lender for PPP loans.

## COUNT 1
### (Conspiracy to Commit Wire Fraud:  18 U.S.C. § 1349)

Paragraphs 1 through 25 of the General Allegations Section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

From in or around April 2020, continuing through on or about August 7, 2022, the exact dates being unknown to the Grand Jury, in Palm Beach, St. Lucie, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JOFF STENN WROY PHILOSSAINT,**
**MARIEL TOLLINCHI,**
**REGINE MARIE RENE, and**
**BRIANNA MONIQUE GAYLE,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communications in

interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY AND THE SCHEME AND ARTIFICE

It was the purpose of the conspiracy and of the scheme and artifice for the Defendants and their co-conspirators to unlawfully enrich themselves by, among other things:  (1) creating false and fraudulent documents, including payroll records and tax documents; (2) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including EIDL and PPP loans; (3) offering, paying, and receiving kickbacks in return for causing the submission of false and fraudulent loan applications; (4) diverting fraud proceeds for the Defendants' and co-conspirators' personal use and benefit, the use and benefit of others, and to further the conspiracy; and (5) submitting and causing the submission of false and fraudulent applications for forgiveness of the received loans.

## MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy and the scheme and artifice included, among others, the following:

(a)    JOFF STENN WROY PHILOSSAINT and BRIANNA MONIQUE GAYLE created and caused the creation of false and fraudulent tax documents for business entities owned and controlled by themselves, MARIEL TOLLINCHI, REGINE MARIE RENE, Maurice Shazier, David Andre Johnson, and others known and unknown to the Grand Jury, for the purpose of applying for PPP and EIDL loans.

7

(b)      JOFF STENN WROY PHILOSSAINT, MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, Maurice Shazier, David Andre Johnson, and others known and unknown to the Grand Jury submitted and caused the submission of false and fraudulent PPP and EIDL loan applications for these business entities.

(c)      The PPP and EIDL loan applications submitted, or caused to be submitted, by JOFF STENN WROY PHILOSSAINT, MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, Maurice Shazier, David Andre Johnson, and others known and unknown to the Grand Jury included false and fraudulent tax documents and falsely and fraudulently represented the borrowing entities' number of employees, amount of monthly payroll, gross income, and cost of goods sold.

(d)      JOFF STENN WROY PHILOSSAINT and BRIANNA MONIQUE GAYLE created and caused the creation of false and fraudulent payroll accounts with a payroll processing service for business entities owned and controlled by themselves, MARIEL TOLLINCHI, REGINE MARIE RENE, Maurice Shazier, David Andre Johnson, and others known and unknown to the Grand Jury, for the purpose of applying for PPP and EIDL loans and PPP loan forgiveness.

(e)      Having obtained PPP and EIDL loans for those entities, JOFF STENN WROY PHILOSSAINT, MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, Maurice Shazier, David Andre Johnson, and others known and unknown to the Grand Jury caused the electronic wire transfer of a portion of the loan proceeds to a payroll processing service to make it appear that the proceeds were being used for legitimate payroll expenses.

(f)     Having obtained PPP and EIDL loans for their business entities, JOFF STENN WROY PHILOSSAINT caused MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, Maurice Shazier, David Andre Johnson, and others known and unknown to the Grand Jury to pay kickbacks of approximately 10% of the loans' values to JOFF STENN WROY PHILOSSAINT via checks and wire transfers that were often disguised as legitimate business expenses.

(g)     JOFF STENN WROY PHILOSSAINT, MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, Maurice Shazier, David Andre Johnson, and others known and unknown to the Grand Jury submitted and caused the submission of false and fraudulent applications for PPP loan forgiveness for these business entities.

(h)     As a result of the false and fraudulent representations that JOFF STENN WROY PHILOSSAINT, MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, Maurice Shazier, David Andre Johnson, and others known and unknown to the Grand Jury made in the PPP and EIDL loan applications submitted as part of this scheme, financial institutions and the SBA disbursed loan proceeds to the Defendants and their co-conspirators in the amount of approximately $8.1 million.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### (Conspiracy to Commit Money Laundering:  18 U.S.C. § 1956(h))

From in or around April 2020, continuing through on or about August 7, 2022, the exact dates being unknown to the Grand Jury, in Palm Beach, St. Lucie, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JOFF STENN WROY PHILOSSAINT,**
**MARIEL TOLLINCHI,**
**REGINE MARIE RENE, and**
**BRIANNA MONIQUE GAYLE,**

did knowingly and voluntarily combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to knowingly conduct, and attempt to conduct, a financial transaction affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is wire fraud, in violation of 18 U.S.C. § 1343.

All in violation of Title 18, United States Code, Section 1956(h).

<u>COUNT 3</u>
**(Conspiracy to Commit Money Laundering:  18 U.S.C. § 1956(h))**

From in or around April 2020, continuing through on or about August 7, 2022, the exact dates being unknown to the Grand Jury, in Palm Beach, St. Lucie, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JOFF STENN WROY PHILOSSAINT,**
**and**
**MARIEL TOLLINCHI,**

did knowingly and voluntarily combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to:

(a)      knowingly transmit and transfer monetary instruments and funds, from a place inside the United States to and through a place outside the United States, knowing that the

10

monetary instruments and funds involved in such transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

(b)     knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity, in violation of 18 U.S.C. § 1957.

It is further alleged that the specified unlawful activity is wire fraud, in violation of 18 U.S.C. § 1343.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT 4
### (Obtaining Citizenship by Fraud:  18 U.S.C. § 1425(a))

Paragraphs 1 through 9 of the General Allegations Section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Beginning at least as early as December 15, 2020, and continuing through on or about February 9, 2021, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**JOFF STENN WROY PHILOSSAINT,**

did knowingly procure and attempt to procure, contrary to law, naturalization as a United States citizen for himself, to wit, the defendant obtained and attempted to obtain naturalization by falsely swearing to a statement in his written Form N-400 (Application for Naturalization), his

11

naturalization interview, and his written Form N-455 (Notice of Naturalization Oath Ceremony), that:

(a)     he had not knowingly committed, assisted in committing, or attempted to commit, a crime or offense for which he had not been arrested, when in truth and in fact, as the defendant then and there well knew, he had committed the offenses of wire fraud conspiracy, and money laundering conspiracy, as charged in Counts 1 through 3 of this Indictment; and

(b)     he had not made any misrepresentation to obtain any public benefit in the United States, when in truth and in fact, as the defendant then and there well knew, he had misrepresented businesses, their earnings, and their employee workforces in an effort to obtain multiple loans and advances, and forgiveness of those loans and advances pursuant to the United States' Paycheck Protection Program and the Economic Injury Disaster Loan Program.

All in violation of Title 18, United States Code, Section 1425(a).

## FORFEITURE ALLEGATIONS

1.     The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **JOFF STENN WROY PHILOSSAINT, MARIEL TOLLINCHI, REGINE MARIE RENE, and BRIANNA MONIQUE GAYLE,** have an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.     Upon conviction of a violation of Title 18, United States Code, Section 1956(h), as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or

personal, involved in such offense, and any property traceable to such property, pursuant to Title

18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2)(A), and the

procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18,

United States Code, Sections 982(b)(1).

A TRUE BILL.

_____

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

For A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**                    **CASE NO.:**  22-cr-80144-Smith/Maynard

**v.**

JOFF STENN WROY PHILOSSAINT,                    **CERTIFICATE OF TRIAL ATTORNEY\***
MARIEL TOLLINCHI, BRIANNA M.
GAYLE, & REGINE MARIE RENE, _____/

              Defendants.                    **Superseding Case Information:**

**Court Division** (select one)

    ☐ Miami   ☐ Key West   ☐ FTP

    ☐ FTL   ☑ WPB

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) **No**
    List language and/or dialect:

4.  This case will take **20** days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)        (Check only one)

    I    ☐ 0 to  5 days    ☐ Petty

    II   ☐ 6 to 10 days    ☐ Minor

    III  ☑ 11 to 20 days    ☐ Misdemeanor

    IV  ☐ 21 to 60 days    ☑ Felony

    V   ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) **No**
    If yes, Judge             Case No.

7.  Has a complaint been filed in this matter? (Yes or No) **Yes**
    If yes, Magistrate Case No. **22-8336-BER, 22-8337-BER, 22- 8357-BER**

8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
    If yes, Judge             Case No.

9.  Defendant(s) in federal custody as of **8/7/2022 (Philossaint)**

10. Defendant(s) in state custody as of

11. Rule 20 from the        District of

12. Is this a potential death penalty case? (Yes or No) **No**

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____

     A. MARIE VILLAFAÑA
     Assistant United States Attorney
     FLA Bar No.    0018255

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JOFF STENN WROY PHILOSSAINT

22-cr-80144-Smith/Maynard
**Case No**: _____

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
**\* Max. Term of Imprisonment: 20 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000 or twice gross loss or gross gain**

Counts #2-3:

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)
**\* Max. Term of Imprisonment: 20 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $500,000 or twice amount laundered**

Count #4:

Acquiring Naturalized U.S. Citizenship through Fraud

Title 18, United States Code, Section 1425(a)
**\* Max. Term of Imprisonment: 10 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MARIEL TOLLINCHI

**Case No**: 22-cr-80144-Smith/Maynard

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross loss or gross gain**

Counts #2-3:

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: REGINE MARIE RENE

**Case No**: 22-cr-80144-Smith/Maynard

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
**\* Max. Term of Imprisonment: 20 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000 or twice gross loss or gross gain**

Count #2:

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)
**\* Max. Term of Imprisonment: 20 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $500,000 or twice amount laundered**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: BRIANNA MONIQUE GAYLE

**Case No**: 22-cr-80144-Smith/Maynard

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Term of Imprisonment: 20 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000 or twice gross loss or gross gain**

Count #2:

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $500,000 or twice amount laundered**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**