**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-CR-80144-SMITH/MAYNARD**

**UNITED STATES OF AMERICA**

**vs.**

**JOFF STENN WROY PHILOSSAINT,**
**MARIEL TOLLINCHI,**
**REGINE MARIE RENE, and**
**BRIANNA MONIQUE GAYLE,**

**Defendants.**
_____/

**UNITED STATES' UNOPPOSED MOTION**
**FOR PERMISSION TO PRODUCE RECORDS TO DEFENSE**
**COUNSEL PURSUANT TO A PROTECTIVE ORDER**

The United States of America, by and through the undersigned Assistant United States

Attorney, hereby moves the Court for entry of a Protective Order.   The undersigned has conferred

with counsel for each of the defendants, and all counsel have stated that they have no objection to

the entry of the United States' proposed Protective Order.

The arraigned defendants have requested entry of the Court's Standing Discovery Order,

and those that have not yet been arraigned have informally requested discovery.   With regard to

the Indictment in this case, responding to that Order will require the production and review of

evidence in the possession of the government which contains personally identifiable information

("PII"), including names, dates of birth, Social Security numbers, and banking information for

numerous individuals who are not parties to this proceeding.   This includes hundreds of loan

applications and payroll information which only exist electronically.   Due to the volume of the

information and the electronic form in which it has been collected and maintained, redaction of

the PII is not possible.

For example, electronic information collected from third parties are protected from modification, so redaction would require producing the material in hard copy rather than electronically and hand redacting the records page by page.   In light of the volume of material involved, redaction of all PII within the time limit for production of discovery, and even within the Speedy Trial Period, would be impossible.   Furthermore, the identities of the third parties and their Social Security Numbers, dates of birth, and bank account information may be relevant to the defendants' preparation of the matter for trial because the defendants have been charged with conspiring to submit false loan applications and false tax documents.

Accordingly, in order to protect the confidentiality of this PII and to satisfy its obligations under the Standing Discovery Order and Fed. R. Crim. P. 16, the government asks the Court to enter the attached Protective Order.   As noted above, counsel for the defendants are in agreement with the language below, which is contained in the Proposed Order.

1.      The government is authorized to produce discovery to the defendants, including PII of third parties, in encrypted form, that is, counsel for each defendant shall provide a 1 terabyte encrypted hard drive to counsel for the government, and government personnel shall load the discovery onto the encrypted drive provided by defense counsel and return it.   Items that are not available in electronic format shall be made available for review at the offices of the FBI.   If any of those documents later become available in electronic format, they shall be loaded onto defense counsel's encrypted hard drives.

2.      Defense counsel shall maintain the encrypted files in a secure area when not in use.

3.      Any copies of the encrypted discovery must also be encrypted or placed on a secure

password-protected server.  If documents containing PII are printed from the encrypted drive, they shall be maintained in a secure area when not in use and shredded when no longer needed. Records containing PII of third parties may be shown to the defendants, but the defendants cannot keep a copy of those records.   Documents and information that do not contain PII are not subject to the restrictions set forth in this paragraph.

4.      Any PII that is produced pursuant to the Standing Discovery Order or otherwise disclosed in this proceeding shall be held in strictest confidence by defense counsel, and access to this material shall be restricted.   Access to this information shall be permitted to defense counsel staff only to the extent necessary to prepare their client's defense.  Such information may be further disclosed by defense counsel to their clients and to expert witnesses and consultants hired by the defense who must review and agree to be bound by the terms of the Protective Order. Persons to whom any such PII is disclosed on behalf of the defendants shall not further disclose or disseminate this information without further Order of the Court.   Documents and information that do not contain PII are not subject to the restrictions set forth in this paragraph.

5.      No PII related to individuals who are not defendants or witnesses shall be entered in the record during trial, either through testimony or documents, or in motions in this proceeding, unless all practicable means of masking or redacting PII have been employed.  If it is not practicable to mask individual identifiers during testimony, or to redact individual identifiers from exhibits or motions, then the party wishing to proffer such evidence shall first seek approval from the Court to do so shall file such motions and exhibits under seal.

6.      At the conclusion of this proceeding, all PII that was not entered in the record at trial through testimony or exhibits, and that is unnecessary to the maintenance of the record of the

proceeding, shall be destroyed.  Counsel for the defendants may maintain the encrypted drive

through the completion of any direct appeals.   Upon entry of a final judgment in this matter and

conclusion of any direct appeals, defense counsel shall destroy or cause to be destroyed all copies

of covered information except as otherwise required to be maintained pursuant to document

retention polices.   Alternatively, counsel for the defendants may return the encrypted material to

the FBI, who will dispose of it.

      7.     The U.S. Attorney's Office and the investigating agencies may maintain the

evidence collected in the case in accordance with their file retention and destruction protocols.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:    s/*A. Marie Villafaña*
A. MARIE VILLAFAÑA
Assistant United States Attorney
Florida Bar No. 0018255
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561 820-8711
Facsimile: 561 820-8777
ann.marie.c.villafana@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   According to the Court's website, counsel for all parties are able to receive notice via the CM/ECF system.

s/*A. Marie Villafaña*
A. MARIE VILLAFAÑA
Assistant United States Attorney