UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CR-80144-SMITH/MAYNARD

UNITED STATES OF AMERICA

vs.

JOFF STENN WROY PHILOSSAINT,
MARIEL TOLLINCHI,
REGINE MARIE RENE, and
BRIANNA MONIQUE GAYLE,

    **Defendants.**
_____/

## PROTECTIVE ORDER

This matter came before the Court on the United States' Unopposed Motion for Permission to Produce Records to Defense Counsel Pursuant to a Protective Order. Having considered the Motion and the record in this case, and good cause having been shown therefore, the Motion is hereby GRANTED.

Accordingly, it is HEREBY ORDERED THAT:

1. The government is authorized to produce discovery to the defendants, including personally identifying information of third parties ("PII") in encrypted form, that is, counsel for each defendant shall provide a 1 terabyte encrypted hard drive to counsel for the government, and government personnel shall load the discovery onto the encrypted drives provided by defense counsel and return them. Items that are not available in electronic format shall be made available for review at the offices of the FBI. If any of those documents later become available in electronic format, they shall be loaded onto defense counsel's encrypted hard drive.

2. Defense counsel shall maintain the encrypted drives in a secure area when not in

use.

3. Any copies of the encrypted discovery must also be encrypted or placed on a secure password-protected server. If documents containing PII are printed from the encrypted drive, they shall be maintained in a secure area when not in use and shredded when no longer needed. Records containing PII of third parties may be shown to the defendants, but the defendants cannot keep a copy of those records. Documents and information that do not contain PII are not subject to the restrictions set forth in this paragraph.

4. Any PII information which is produced pursuant to the Standing Discovery Order or otherwise disclosed to the defendants in this proceeding shall be held in strictest confidence by defense counsel, and access to this material shall be restricted. Access to this information shall be permitted to defense counsel staff only to the extent necessary to prepare their client's defense. Such information may be further disclosed by defense counsel to their clients and to expert witnesses and consultants hired by the defense who must review and agree to be bound by the terms of the Protective Order. Persons to whom any such PII is disclosed on behalf of the defendants shall not further disclose or disseminate this information without further Order of the Court. Documents and information that do not contain PII are not subject to the restrictions set forth in this paragraph.

5. No PII related to individuals who are not defendants or witnesses shall be entered in the record during trial, either through testimony or documents, or in motions in this proceeding, unless all practicable means of masking or redacting PII have been employed. If it is not practicable to mask individual identifiers during testimony, or to redact individual identifiers from exhibits or motions, then the party wishing to proffer such evidence shall first seek approval from

the Court to do so and shall file such motions and exhibits under seal.

6. At the conclusion of this proceeding, all PII that was not entered in the record at trial through testimony or exhibits, and that is unnecessary to the maintenance of the record of the proceeding, shall be destroyed.  Counsel for the defendants may maintain the encrypted drives through the completion of any direct appeals.  Upon entry of a final judgment in this matter and conclusion of any direct appeals, defense counsel shall destroy or cause to be destroyed all copies of covered information except as otherwise required to be maintained pursuant to document retention polices.  Alternatively, counsel for the defendants may return the encrypted material to the FBI, who will dispose of it.

7. The U.S. Attorney's Office and the investigating agencies may maintain the evidence collected in the case in accordance with their file retention and destruction protocols.

DONE AND ORDERED this _____ day of September, 2022, at West Palm Beach, Florida.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE


**I certify that I have read and agree to be bound by the terms of this Protective Order:**


Date: _____           _____
(Signature of Defendant, Defense Counsel Employee/Investigator, or Expert Witness/Consultant)