UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80144-CR-Smith/Maynard(s)

UNITED STATES OF AMERICA

v.

JOFF STENN WROY PHILOSSAINT,
MARIEL TOLLINCHI,
REGINE MARIE RENE,
BRIANNA MONIQUE GAYLE,
and MAURICE SHAZIER,

     Defendants.

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States respectfully requests that the following jury instructions be given at trial in this case pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government respectfully requests that it be allowed to propose such additional instructions as become appropriate based upon the testimony and evidence at trial, and that it be informed prior to closing arguments which instructions the Court will accept.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:    s/ Marc Osborne
       Assistant United States Attorney
       Court ID# A5500796
       99 Northeast 4th Street
       Miami, Florida 33132-2111
       Tel: (305) 961-9198
       Fax: (305) 530-7976
       marc.osborne@usdoj.gov

**B1**[1]
**Face Page—Introduction**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendants guilty beyond a reasonable doubt.

---

[1] Modified for multiple defendants.

**B2.1/B2.2[2]**
**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against a Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. A Defendant does not have to prove his or her innocence or produce any evidence at all. A Defendant does not have to testify, and if a Defendant chose not to testify, you cannot consider that in any way while making your decision.[3] The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[2] Modified for multiple defendants.
[3] If all defendants testify, the Court should omit this sentence.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all *possible* doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**S1.2**
**Testimony of Accomplice or Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for his testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

**Uncalled Witnesses—Equally Available to Both Sides**[4]
(If Applicable)[5]

There are people whose names you heard during the course of the trial but did not testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

---

[4] Adapted from 1 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 6-7 (2000). *See United States v. Esle*, 743 F.2d 1465, 1477-78 (11th Cir. 1984) (after defense argued that jury could draw a negative inference from prosecution's failure to call a certain witness, court properly instructed jury that "subpoena power is available to defendants, . . . but you must bear in mind that the defendant has no burden of proof. The Government has the entire burden of proof."); *United States v. Vincent*, 648 F.2d 1046, 1051 (5th Cir. 1981) (after defense argued that jury could draw a negative inference from prosecution's failure to call a certain witness, court properly "told the jury that the witness could have been called by either side, but that the defendant was not obliged to call any witness, as he could rely on his presumption of innocence should he choose to do so"; court also notes, "Generally, no unfavorable presumption may be drawn from the failure to call a witness that is equally available to both sides."); *United States v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1971) (court properly "told the jury that if there were any witnesses in the courtroom either the Government or the Defendant had the right to call them"; court also notes, "The long-standing rule in this circuit is that any inference from a party's failure to call a certain witness equally available to both parties is impermissible."); *United States v. Bahna*, 68 F.3d 19, 21-22 (2d Cir. 1995) (approving of the following instruction: "'There are several other persons whose names you have heard during [the] course of this trial and one or more of the attorneys have referred to their absence from this trial. Neither the defendant nor the government could benefit from the absence of such witnesses . . . because each side has an equal opportunity, or lack of opportunity, to have them testify. If either side had wanted any of them here, so far as the record shows, they had equal opportunity to get them and absence should not affect your judgment in passing on this case or in determining the guilt or innocence of the defendant. Bear in mind, of course, that the law never imposes upon the defendant in a criminal case the burden of producing or calling any witnesses or producing any evidence.'"). Courts in this district have given this instruction in *United States v. Maceira*, Case No. 06-20218-CR-Seitz(s), *United States v. Fernandez*, Case No. 06-20322-CR-Altonaga(s), and *United States v. Pearson*, Case No. 17-80080-CR-Bloom.

[5] The government recommends that the Court give this instruction only if the defense makes an argument at trial to which the instruction applies.

**B8[6]**
**Introduction to Offense Instructions**

The indictment charges four separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that the Defendants knowingly and willfully conspired to defraud the United States. Counts 2 and 3 charge that the Defendants knowingly conspired to launder money.

Count 4 charges that Defendant Philossaint committed what is called a "substantive offense," specifically, procuring citizenship contrary to law. I will explain the law governing that substantive offense in a moment.

But first note that the Defendants are not charged in Counts 1 through 3 with committing a substantive offense—they are charged with conspiring to commit such an[7] offense.

I will also give you specific instructions on conspiracy.

---

[6] Modified based on the facts of this case.

[7] The pattern instruction states that the defendant is charged with "conspiring to commit *that* offense." The government has replaced "that" with "such an." In this case, the substantive offense charged in count 4 is not the object of any of the charged conspiracies.

**Count 1**
**Conspiracy to Commit Wire Fraud[8]**
**18 U.S.C. § 1349**

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, *or* that those who *were* members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1)     two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the indictment; and

(2)     the Defendant knew the unlawful purpose of the plan and willfully joined in it;

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators. If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the

---

[8] The pattern instruction is for conspiracy to commit mail fraud. The government has modified the instruction to reflect wire fraud. The instruction has also been modified for multiple defendants.

plan—and willfully joined in the plan on at least one occasion–that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

## O51[9]
### Wire Fraud
### 18 U.S.C. § 1343

As I told you, Count 1 charges that the defendants conspired to commit wire fraud. It's a Federal crime to use interstate wire communications to carry out a scheme to defraud someone else.

A Defendant could be found guilty of this crime only if all the following facts were proved beyond a reasonable doubt:

(1)     the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2)     the false pretenses, representations, or promises were about a material fact;

(3)     the Defendant acted with the intent to defraud; and

(4)     the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

---

[9] Modified to reflect the fact that the defendants are not charged with substantive counts of wire fraud, only with conspiracy to commit wire fraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.[10]

---

[10] The government has omitted the following sentence from the end of the instruction: "Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime." The defendants in this case are not charged with separate crimes of wire fraud.

O109.1
**Counts 2 and 3**
**Money Laundering Conspiracy**
**18 U.S.C. § 1956(h)**

It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1956 or 1957.

Count 2 charges the defendants with conspiring to violate Title 18, United States Code, Section 1956(a)(1)(B)(i). A Defendant could be found guilty of this crime only if all the following facts were proved beyond a reasonable doubt:[11]

    (1)    the Defendant knowingly conducted or tried to conduct financial transactions;

    (2)    the Defendant knew that the money or property involved in the transaction were the proceeds of some kind of unlawful activity;

    (3)    money or property did come from an unlawful activity, specifically wire fraud; and

    (4)    the Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

Count 3 charges that Defendants Philossaint and Tollinchi conspired to violate two provisions of law. The first is Title 18, United States Code, Section 1956(a)(2)(B)(i). A Defendant could be found guilty of this crime only if all the following facts were proved beyond a reasonable doubt:[12]

---

[11] The elements of this offense are taken from instruction O74.2, modified because the defendants are not charged with money laundering, only with conspiracy to launder money.

[12] The first element of this offense is taken from instruction O74.3. The rest of the elements are taken from instruction O74.2.

(1)     the Defendant knowingly transmitted or transferred money from a place in the United States to or through a place outside the United States;

(2)     the Defendant knew that the money or property involved in the transaction were the proceeds of some kind of unlawful activity;

(3)     money or property did come from an unlawful activity, specifically wire fraud; and

(4)     the Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

Count 3 also charges that Defendants Philossaint and Tollinchi conspired to violate Title 18, United States Code, Section 1957. A Defendant could be found guilty of this crime only if all the following facts were proved beyond a reasonable doubt:[13]

(1)     the Defendant knowingly engaged or attempted to engage in a monetary transaction;

(2)     the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

(3)     the property had a value of more than $10,000;

(4)     the property was in fact proceeds of wire fraud; and

(5)     the transaction took place in the United States.

I have already explained to you the law regarding conspiracies generally.[14] A Defendant can be found guilty of conspiring to launder money[15] only if all the following facts are proved beyond a reasonable doubt:

(1)     two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956 or 1957; and

---

[13] The first element of this offense is taken from instruction O74.3. The rest of the elements are taken from instruction O74.2.
[14] The pattern instruction includes language that is also found in instruction O51.
[15] The pattern instruction refers to 'this crime'.

14

(2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it.

O120
**Procurement of Citizenship or Naturalization Unlawfully**
**18 U.S.C. § 1425**

It's a Federal crime for any person to knowingly procure or attempt to procure, contrary to law, the naturalization of any person.

The Defendant can be found guilty of this offense, only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant knowingly procured

(2)     contrary to law

(3)     the naturalization of any person.

A defendant acts "contrary to law" if the defendant knowingly makes a false statement under oath in a proceeding or matter relating to naturalization.[16]

---

[16] 18 U.S.C. § 1015

**S7**
**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime—not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**B9.2**
**On or About a Particular Date; Knowingly; Willfully—Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

## B11
### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**B10.4**
**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.