# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____ 22-CR-80144-SMITH/MAYNARD(s)(s) _____

18 U.S.C. § 1349
18 U.S.C. § 1956(h)
18 U.S.C. § 1425(a)
18 U.S.C. § 1343
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(a)(2)(B)(i)
18 U.S.C. § 1957
18 U.S.C. § 982(a)

**UNITED STATES OF AMERICA**

**vs.**

**JOFF STENN WROY PHILOSSAINT,**
**MARIEL TOLLINCHI,**
**REGINE MARIE RENE,**
**BRIANNA MONIQUE GAYLE,**
**MAURICE SHAZIER, and**
**ROBENSON LAUVINCE,**

　　　　**Defendants.**
_____/



FILED BY_____ D.C.

DEC 15 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Second Superseding Indictment:

### The Paycheck Protection Program

1.　　The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of forgivable

loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2.     The types of businesses eligible for a loan included sole proprietorships.  In order to obtain a PPP loan, a qualifying business (through its authorized representative or the sole proprietor) signed and submitted a PPP loan application (Small Business Administration ("SBA") Form 2483) online through the lender's application platform.  In order to be eligible to obtain the PPP loan, the PPP loan application required the business (through its authorized representative or the sole proprietor) to acknowledge the program rules and make certain affirmative certifications. The certifications included an attestation that the business was in operation on February 15, 2020, and had employees for whom it paid salaries and payroll taxes, or paid independent contractors, or was a sole proprietorship with no employees.  In the PPP loan application, the small business (through its authorized representative or the sole proprietor) was required to provide, among other things, its average monthly payroll expenses and number of employees.  In addition, businesses applying for the PPP loan were required to provide documentation confirming their payroll expenses.  Typically, businesses supplied documents showing the amount of payroll taxes reported to the Internal Revenue Service ("IRS").  The sole proprietorship had to report and document the business' income and expenses, as typically reported to the IRS on Form 1040, Schedule C.  These figures and documentation were used to calculate the amount of money the small business was eligible to receive under the PPP.  Sole proprietorships were eligible to receive a maximum PPP loan of up to $20,833 to cover lost income.

3.     A PPP loan application was processed by a participating lender.  The SBA delegated authority to third-party lenders to underwrite and approve the loans.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100%

guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted electronically by the lender to the SBA in the course of processing the loan.

4.    PPP loan proceeds were required to be used by the business on certain permissible expenses — payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Economic Injury Disaster Loan Program

5.    Before the COVID-19 pandemic, SBA's Economic Injury Disaster Loan ("EIDL") program provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

6.    The CARES Act also authorized the SBA to provide EIDL assistance to eligible small businesses experiencing "substantial economic injury" (substantial financial disruptions) due to the COVID-19 pandemic. In order to obtain a COVID-19 EIDL, a qualifying business was required to submit electronically an EIDL application to the SBA and provide information about its operations, such as the number of employees, gross revenues, and the cost of goods sold for the 12-month period preceding January 31, 2020. The applicant was also required to certify under penalty of perjury that all of the information in the EIDL application was true and correct to the best of the applicant's knowledge. Before receiving a loan, a borrower was required to sign a Loan Authorization and Agreement. Pursuant to that agreement, it was a condition of the loan that the borrower would use the loan solely as working capital to alleviate economic injury caused by a disaster occurring in January 2020 and continuing thereafter.

7.      EIDL applications were submitted directly to, and processed by, the SBA, with support from a government contractor.  EIDL funds were issued directly from the United States Treasury.

8.      In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL.  The amount of the advance was determined by the number of employees the applicant certified having at the small business.  The advances did not have to be repaid.

9.      SBA's email and loan application servers were located outside the State of Florida, so wire communications between banks and the SBA and between EIDL applicants located within Florida and the SBA necessarily traveled in interstate commerce.

### The Defendants, Businesses, and Lenders

10.     Defendant JOFF STENN WROY PHILOSSAINT was a resident of Broward and Miami-Dade Counties, in the Southern District of Florida.

11.     Defendant MARIEL TOLLINCHI was a resident of Broward County, in the Southern District of Florida.

12.     Defendant REGINE MARIE RENE was a resident of Palm Beach County, in the Southern District of Florida.

13.     Defendant BRIANNA MONIQUE GAYLE was a resident of Palm Beach and Miami-Dade Counties, in the Southern District of Florida.

14.     Defendant MAURICE SHAZIER was a resident of St. Lucie County, in the Southern District of Florida.

15.     Defendant ROBENSON LAUVINCE was a resident of Broward County, in the Southern District of Florida.

16.    Co-conspirator David Andre Johnson was a resident of Broward County, in the Southern District of Florida.

17.    Defendant JOFF STENN WROY PHILOSSAINT was the principal and registered agent of Royal Elite Trans, LLC ("ROYAL ELITE"), Elite International Financial Group, a/k/a Elite International Venture Capital ("EIVC"), and One Solution Group LLC ("ONE SOLUTION"), purported businesses located in Broward County, in the Southern District of Florida.

18.    Defendant MARIEL TOLLINCHI was the Treasurer of the Cinda Foundation Inc. ("CINDA"), and her family members were the principals and registered agents of CINDA, Ferro's Entertainment and Production LLC ("FERRO'S"), and D.F. d/b/a "Perfect Landscaping" ("PERFECT LANDSCAPING"), purported businesses located in Broward County, in the Southern District of Florida.   TOLLINCHI was also the principal of Tollinchi Law P.A. ("TOLLINCHI LAW"), a law firm located in Broward County, in the Southern District of Florida.

19.    Defendant JOFF STENN WROY PHILOSSAINT was the president and registered agent of Dad Money Investment Group, LLC ("DAD MONEY"), a purported business located in Broward County, in the Southern District of Florida.

20.    Defendant REGINE MARIE RENE was the principal and registered agent of Unfold Perception, LLC ("UNFOLD"), a purported business located in Palm Beach County, in the Southern District of Florida.

21.    Defendant BRIANNA MONIQUE GAYLE was an employee of EIVC and purportedly owned a sole proprietorship in her name located in Palm Beach County, in the Southern District of Florida.

5

22.    Defendant MAURICE SHAZIER was the principal and registered agent of Sunrise City Construction Development LLC ("SUNRISE CITY") and JREAM Vision T.V. LLC ("JREAM"), purported businesses located in St. Lucie County, in the Southern District of Florida.

23.    Defendant ROBENSON LAUVINCE was the principal and the registered agent of Clear Shot Entertainment LLC ("CLEAR SHOT"), a purported business located in Broward County, in the Southern District of Florida.

24.    Co-conspirator David Andre Johnson was the principal and registered agent of D.D.Z. Family Enterprises L.L.C. ("DDZ"), a purported business located in Broward County, in the Southern District of Florida.

25.    Lender #1 was headquartered in New Jersey and was an approved SBA lender for PPP loans.

26.    Lender #2 was headquartered in Delaware and was an approved SBA lender for PPP loans.

27.    Lender #3 was headquartered in Utah and was an approved SBA lender for PPP loans.

## <u>COUNT 1</u>
### (Conspiracy to Commit Wire Fraud:  18 U.S.C. § 1349)

Paragraphs 1 through 27 of the General Allegations Section of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

From in or around April 2020, continuing through on or about August 7, 2022, the exact dates being unknown to the Grand Jury, in Palm Beach, St. Lucie, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MARIEL TOLLINCHI,**
**REGINE MARIE RENE,**
**BRIANNA MONIQUE GAYLE,**
**MAURICE SHAZIER, and**
**ROBENSON LAUVINCE,**

and Joff Stenn Wroy Philossaint did willfully, that is, with the intent to further the object of the

conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with

persons known and unknown to the Grand Jury, to knowingly, and with the intent to defraud,

devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property

by means of materially false and fraudulent pretenses, representations, and promises, knowing that

the pretenses, representations, and promises were false and fraudulent when made, and, for the

purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means

of wire communications in interstate and foreign commerce, certain writings, signs, signals,

pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY AND THE SCHEME AND ARTIFICE

It was the object of the conspiracy and of the scheme and artifice for the Defendants and

their co-conspirators to unlawfully enrich themselves by, among other things:  (1) creating false

and fraudulent documents, including payroll records and tax documents; (2) submitting and

causing the submission of false and fraudulent applications for loans and loan agreements made

available through the SBA to provide relief for the economic effects caused by the COVID-19

pandemic, including EIDL and PPP loans; (3) offering, paying, and receiving kickbacks in return

for causing the submission of false and fraudulent loan applications; (4) diverting fraud proceeds

for the Defendants' and co-conspirators' personal use and benefit, the use and benefit of others,

and to further the conspiracy and the scheme and artifice; and (5) submitting and causing the

submission of false and fraudulent applications for forgiveness of the received loans.

## MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the object of the conspiracy and the scheme and artifice included, among others, the following:

(a)     Joff Stenn Wroy Philossaint and BRIANNA MONIQUE GAYLE created and caused the creation of false and fraudulent tax documents for business entities owned and controlled by themselves, MARIEL TOLLINCHI, REGINE MARIE RENE, MAURICE SHAZIER, ROBENSON LAUVINCE, David Andre Johnson, and others known and unknown to the Grand Jury, for the purpose of applying for PPP and EIDL loans.

(b)     Joff Stenn Wroy Philossaint, MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, MAURICE SHAZIER, ROBENSON LAUVINCE, David Andre Johnson, and others known and unknown to the Grand Jury submitted and caused the submission of false and fraudulent PPP and EIDL loan applications and loan agreements.

(c)     The PPP and EIDL loan applications and agreements submitted, or caused to be submitted, by Joff Stenn Wroy Philossaint, MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, MAURICE SHAZIER, ROBENSON LAUVINCE, David Andre Johnson, and others known and unknown to the Grand Jury included false and fraudulent tax documents and made false and fraudulent representations about  the borrowing entities' number of employees, amount of monthly payroll, gross income, cost of goods sold, and the purposes for which the loans would be used.

(d)     Joff Stenn Wroy Philossaint and BRIANNA MONIQUE GAYLE created and caused the creation of false and fraudulent payroll accounts with a payroll processing service for business entities owned and controlled by themselves, MARIEL TOLLINCHI, REGINE

8

MARIE RENE, MAURICE SHAZIER, ROBENSON LAUVINCE, David Andre Johnson, and others known and unknown to the Grand Jury, for the purpose of applying for PPP loans and PPP loan forgiveness.

(e)     Having obtained PPP loans for those entities, Joff Stenn Wroy Philossaint, MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, MAURICE SHAZIER, ROBENSON LAUVINCE, David Andre Johnson, and others known and unknown to the Grand Jury caused the electronic wire transfer of a portion of the loan proceeds to a payroll processing service to make it appear that the proceeds were being used for legitimate payroll expenses.

(f)     Having obtained PPP and EIDL loans for their business entities, Joff Stenn Wroy Philossaint caused MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, MAURICE SHAZIER, ROBENSON LAUVINCE, David Andre Johnson, and others known and unknown to the Grand Jury to pay kickbacks of approximately 10% of the loans' values to Joff Stenn Wroy Philossaint via checks and wire transfers that were often disguised to appear to be legitimate business expenses.

(g)     Joff Stenn Wroy Philossaint, MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, MAURICE SHAZIER, ROBENSON LAUVINCE, David Andre Johnson, and others known and unknown to the Grand Jury submitted and caused the submission of false and fraudulent applications for PPP loan forgiveness for these business entities.

(h)     As a result of the false and fraudulent representations that Joff Stenn Wroy Philossaint, MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, MAURICE SHAZIER, ROBENSON LAUVINCE, David Andre Johnson, and others known and

unknown to the Grand Jury made in the PPP and EIDL loan applications submitted as part of this scheme, financial institutions and the SBA disbursed loan proceeds to the Defendants and their co-conspirators in the amount of approximately $8.1 million.

All in violation of Title 18, United States Code, Section 1349.

**COUNT 2**
**(Conspiracy to Commit Money Laundering:  18 U.S.C. § 1956(h))**

From in or around April 2020, continuing through on or about August 7, 2022, the exact dates being unknown to the Grand Jury, in Palm Beach, St. Lucie, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MARIEL TOLLINCHI,**
**REGINE MARIE RENE,**
**BRIANNA MONIQUE GAYLE,**
**MAURICE SHAZIER, and**
**ROBENSON LAUVINCE,**

and Joff Stenn Wroy Philossaint did knowingly and voluntarily combine, conspire, confederate, and agree with each other, and with persons known and unknown to the Grand Jury, to knowingly conduct, and attempt to conduct, a financial transaction affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is wire fraud, in violation of 18 U.S.C. § 1343.

All in violation of Title 18, United States Code, Section 1956(h).

10

## COUNT 3
### (Conspiracy to Commit Money Laundering: 18 U.S.C. § 1956(h))

From in or around April 2020, continuing through on or about August 7, 2022, the exact dates being unknown to the Grand Jury, in Palm Beach, St. Lucie, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**MARIEL TOLLINCHI,**

and Joff Stenn Wroy Philossaint did knowingly and voluntarily combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to:

(a)    knowingly transmit and transfer monetary instruments and funds, from a place inside the United States to and through a place outside the United States, knowing that the monetary instruments and funds involved in such transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

(b)    knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity, in violation of 18 U.S.C. § 1957.

It is further alleged that the specified unlawful activity is wire fraud, in violation of 18 U.S.C. § 1343.

All in violation of Title 18, United States Code, Section 1956(h).

11

<u>**COUNT 4**</u>
**(Obtaining Citizenship by Fraud:  18 U.S.C. § 1425(a))**

Paragraphs 1 through 9 of the General Allegations Section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

Beginning at least as early as December 15, 2020, and continuing through on or about February 9, 2021, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**JOFF STENN WROY PHILOSSAINT,**

did knowingly procure and attempt to procure, contrary to law, naturalization as a United States citizen for himself, to wit, the defendant obtained and attempted to obtain naturalization by falsely swearing to a statement in his written Form N-400 (Application for Naturalization), his naturalization interview, and his written Form N-455 (Notice of Naturalization Oath Ceremony), that:

(a)     he had not knowingly committed, assisted in committing, or attempted to commit, a crime or offense for which he had not been arrested, when in truth and in fact, as the defendant then and there well knew, he had committed the offenses of wire fraud conspiracy, and money laundering conspiracy, as charged in Counts 1 through 3 of this Second Superseding Indictment; and

(b)     he had not made any misrepresentation to obtain any public benefit in the United States, when in truth and in fact, as the defendant then and there well knew, he had misrepresented businesses, their earnings, and their employee workforces in an effort to obtain multiple loans and advances, and forgiveness of those loans and advances pursuant to the United States' Paycheck Protection Program and the Economic Injury Disaster Loan Program.

All in violation of Title 18, United States Code, Section 1425(a).

12

## COUNTS 5–25
### (Wire Fraud: 18 U.S.C. § 1343)

The General Allegations Section of this Second Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

From in or around April 2020, continuing through on or about August 7, 2022, the exact dates being unknown to the Grand Jury, in Palm Beach, St. Lucie, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MARIEL TOLLINCHI,**
**REGINE MARIE RENE,**
**BRIANNA MONIQUE GAYLE,**
**MAURICE SHAZIER, and**
**ROBENSON LAUVINCE,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### OBJECT OF THE SCHEME AND ARTIFICE

The section of Count 1 of this Second Superseding Indictment entitled "Object of the Conspiracy and the Scheme and Artifice" is realleged and incorporated by reference as though fully set forth herein to describe the object of the scheme and artifice.

13

## THE SCHEME AND ARTIFICE

The section of Count 1 of this Second Superseding Indictment entitled "Manner and Means" is realleged and incorporated by reference as though fully set forth herein to describe the manner and means of the scheme and artifice.

## USE OF WIRES

On or about the dates specified as to each count below, in Palm Beach, St. Lucie, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the specified defendants, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as described below:

| Count | Date | Defendants | Interstate Wire |
|-------|------|-----------|-----------------|
| 5 | 6/15/2020 | ROBENSON LAUVINCE | Electronic submission of PPP loan application to Lender #3 on behalf of CLEAR SHOT |
| 6 | 6/18/2020 | REGINE MARIE RENE | Electronic submission of PPP loan application to Lender #3 on behalf of UNFOLD |
| 7 | 7/8/2020 | ROBENSON LAUVINCE | Electronic transmission of loan agreement, note, and related documents to SBA on behalf of CLEAR SHOT |
| 8 | 7/13/2020 | MARIEL TOLLINCHI | Electronic submission of EIDL application to SBA on behalf of PERFECT LANDSCAPING |
| 9 | 7/16/2020 | MAURICE SHAZIER | Electronic submission of EIDL application to SBA on behalf of SUNRISE CITY |
| 10 | 7/21/2020 | MARIEL TOLLINCHI | Electronic submission of EIDL application to SBA on behalf of FERRO'S |
| 11 | 7/31/2020 | MAURICE SHAZIER | Electronic submission of EIDL application to SBA on behalf of JREAM |

14

| Count | Date | Defendants | Interstate Wire |
|-------|------|------------|-----------------|
| 12 | 8/2/2020 | REGINE MARIE RENE | Electronic submission of EIDL application to SBA on behalf of UNFOLD |
| 13 | 8/5/2020 | MAURICE SHAZIER | Electronic transmission of loan agreement, note, and related documents to SBA on behalf of SUNRISE CITY |
| 14 | 2/12/2021 | MAURICE SHAZIER | Electronic submission of PPP loan application to Lender #1 on behalf of SUNRISE CITY |
| 15 | 2/12/2021 | MAURICE SHAZIER | Electronic submission of PPP loan application to Lender #1 on behalf of JREAM |
| 16 | 2/14/2021 | BRIANNA MONIQUE GAYLE | Electronic submission of PPP loan application to Lender #2 on behalf of BRIANNA MONIQUE GAYLE |
| 17 | 2/14/2021 | ROBENSON LAUVINCE | Electronic transmission of loan agreement, note, and related documents to Lender #2 on behalf of CLEAR SHOT |
| 18 | 2/15/2021 | MARIEL TOLLINCHI | Electronic submission of PPP loan application to Lender #2 on behalf of CINDA |
| 19 | 2/22/2021 | REGINE MARIE RENE | Electronic submission of PPP loan application to Lender #3 on behalf of UNFOLD |
| 20 | 4/19/2021 | MARIEL TOLLINCHI | Electronic transmission of documents to a payroll processing service to open a payroll account on behalf of CINDA |
| 21 | 5/5/2021 | MAURICE SHAZIER | Electronic submission of PPP loan application to Lender #1 on behalf of SUNRISE CITY |
| 22 | 5/5/2021 | MAURICE SHAZIER | Electronic submission of PPP loan application to Lender #1 on behalf of JREAM |
| 23 | 5/6/2021 | REGINE MARIE RENE and BRIANNA MONIQUE GAYLE | Electronic transmission of documents to a payroll processing service to open a payroll account on behalf of UNFOLD. |
| 24 | 6/11/2021 | MARIEL TOLLINCHI | Electronic transmission of Form 4506-T (Disaster Request for Transcript of Tax Return) to SBA on behalf of PERFECT LANDSCAPING |
| 25 | 6/11/2021 | MARIEL TOLLINCHI | Electronic transmission of Form 4506-T (Disaster Request for Transcript of Tax Return) to SBA on behalf of FERRO'S |

## COUNT 26
### (Aggravated Identity Theft:  18 U.S.C. § 1028A(a)(1))

On or about April 19, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**MARIEL TOLLINCHI,**

during and in relation to felony violations of Title 18, United States Code, Section 1349, that is, conspiracy to commit wire fraud, as charged in Count 1 of this Second Superseding Indictment, and of Title 18, United States Code, Section 1343, that is, wire fraud, as charged in Count 20 of this Second Superseding Indictment, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, the name, date of birth, and Social Security number of N.T., in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNTS 27–33
### (Money Laundering:  18 U.S.C. § 1956(a)(1)(B)(i))

The General Allegations Section of this Second Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

On or about the dates set forth in each Count below, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MARIEL TOLLINCHI,**
**REGINE MARIE RENE,**
**BRIANNA MONIQUE GAYLE,**
**MAURICE SHAZIER, and**
**ROBENSON LAUVINCE**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature,

16

location, source, ownership, and control of the proceeds of said specified unlawful activity, as

more specifically described below:

| Count | Date | Defendant | Financial Transaction |
|-------|------|-----------|----------------------|
| 27 | 6/18/2020 | ROBENSON LAUVINCE | Deposit of check number 1097 in the amount of approximately $18,270, drawn on CLEAR SHOT's account ending in 5325 at Wells Fargo Bank, with a notation of "account setup", into ROYAL ELITE's account ending in 0080 at Bank of America. |
| 28 | 3/12/21 | REGINE MARIE RENE | Deposit of check number 1019 in the amount of approximately $5,597, drawn on UNFOLD's account ending in 8839 at Wells Fargo Bank, with a notation of "accounting," into EIVC's account ending in 4241 at Synovus Bank. |
| 29 | 3/25/2021 | BRIANNA MONIQUE GAYLE | Deposit of check number 171 in the amount of approximately $3994, drawn on BRIANNA MONIQUE GAYLE's account ending in 7876 at Navy Federal Credit Union, into DAD MONEY's account ending in 4266 at Synovus Bank. |
| 30 | 4/15/2021 | MARIEL TOLLINCHI | Deposit of check number 1062 in the amount of approximately $7,500, drawn on CINDA's account ending in 6917 at Popular Bank, with a notation of "Legal Services," into TOLLINCHI LAW's account ending in 6299 at Chase Bank. |
| 31 | 4/28/2021 | MARIEL TOLLINCHI | Deposit of check number 1067 in the amount of approximately $3,500, drawn on CINDA's account ending in 6917 at Popular Bank, with a notation of "Legal Services," into TOLLINCHI LAW's account ending in 6299 at Chase Bank. |
| 32 | 5/17/2021 | MAURICE SHAZIER | Deposit of check number 1017 in the amount of approximately $10,000, drawn on SUNRISE CITY's account ending in 7117 at Bank of America, with a notation of "advertisement," into EIVC's account ending in 4241 at Synovus Bank. |
| 33 | 5/18/2021 | MAURICE SHAZIER | Electronic wire transfer of approximately $7.300 from JREAM's account ending in 0316 at Wells Fargo Bank, with a notation of "advertisement commission," into EIVC's account ending in 6361 at Synovus Bank. |

It is further alleged that the specified unlawful activity was wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**COUNTS 34–35**
**(International Money Laundering: 18 U.S.C. § 1956(a)(2)(B)(i))**

The General Allegations Section of this Second Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

On or about the dates set forth in each Count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**MARIEL TOLLINCHI,**

did knowingly transmit and transfer and attempt to transmit and transfer monetary instruments and funds from a place inside the United States to and through a place outside the United States, knowing that the monetary instruments and funds involved in such transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, as more specifically described below:

| Count | Date | Description of Financial Transaction |
|-------|------|--------------------------------------|
| 34 | 1/6/2022 | Electronic wire transfer of approximately $26,371 from TOLLINCHI LAW's account ending in 1969 at Chase Bank to an account in the Dominican Republic. |
| 35 | 1/25/2022 | Electronic wire transfer of approximately $200,000 from TOLLINCHI LAW's account ending in 1969 at Chase Bank to an account in the Dominican Republic. |

It is further alleged that the specified unlawful activity was wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

**COUNTS 36–37**
**(Engaging in a Transaction in Criminally Derived Property:  18 U.S.C. § 1957)**

On or about the dates set forth in each Count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIEL TOLLINCHI and**
**ROBENSON LAUVINCE,**

did knowingly engage in and attempt to engage in a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, as more specifically described below, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

It is further alleged that the specified unlawful activity was wire fraud, in violation of Title 18, United States Code, Section 1343.

| Count | Date | Defendant | Financial Transaction |
|---|---|---|---|
| 36 | 6/18/2020 | ROBENSON LAUVINCE | Deposit of check number 1097 in the amount of approximately $18,270, drawn on CLEAR SHOT's account ending in 5325 at Wells Fargo Bank, with a notation of "account setup", into ROYAL ELITE's account ending in 0080 at Bank of America. |
| 37 | 7/27/2020 | MARIEL TOLLINCHI | Electronic wire transfer of approximately $70,800 from D.F.'s account ending in 3145 at Popular Bank to TOLLINCHI LAW's account ending in 6299 at Chase Bank |

In violation of Title 18, United States Code, Sections 1957 and 2.

**FORFEITURE ALLEGATIONS**

1.      The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of

19

America of certain property in which the defendants, **MARIEL TOLLINCHI, REGINE MARIE RENE, BRIANNA MONIQUE GAYLE, MAURICE SHAZIER,** and **ROBENSON LAUVINCE** have an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Section 1349 or 1343, as alleged in this Second Superseding Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.     Upon conviction of a violation of Title 18, United States Code, Section 1956(h), 1956(a)(1)(B)(i), 1956(a)(2)(B)(i), or 1957, as alleged in this Second Superseding Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.     Upon conviction of a violation of Title 18, United States Code, Section 1425, as alleged in this Second Superseding Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6),

(i)     any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and

(ii)     any property real or personal—

(I)     that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or

(II)     that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

20

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2)(A), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 982(b)(1).

A TRUE BILL.

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY

21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JOFF S. W. PHILOSSAINT,  et al.

_____/
Defendants.

CASE NO.:22-CR-80144-SMITH/MAYNARD(s)(s)

CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

New Defendant(s) (Yes or No) Yes
Number of New Defendants 1
Total number of New Counts 33

**Court Division** (select one)

☐ Miami     ☐ Key West     ☐ FTP
☐ FTL       ☑ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take   15   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                  (Check only one)
   I    ☐ 0 to  5 days              ☐ Petty
   II   ☐ 6 to 10 days              ☐ Minor
   III  ☑ 11 to 20 days             ☐ Misdemeanor
   IV   ☐ 21 to 60 days             ☑ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge Smith                      Case No.  22-Cr-80144

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 22-8336, 22-8337, 22-8357, 22-8579

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                            Case No.

9. Defendant(s) in federal custody as of

10. Defendant(s) in state custody as of

11. Rule 20 from the              District of

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By:   _Marc Osborne_
      _____
      MARC OSBORNE
      Assistant United States Attorney
      Court ID No.    A550796

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JOFF STENN WROY PHILOSSAINT

**Case No**:   22-CR-80144-SMITH/MAYNARD(s)(s)

Count #4:

Acquiring Naturalized U.S. Citizenship through Fraud

Title 18, United States Code, Section 1425(a)

**\* Max. Term of Imprisonment: 10 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>MARIEL TOLLINCHI</u>

**Case No**: <u>22-CR-80144-SMITH/MAYNARD(s)(s)</u>

Count #1:

   <u>Conspiracy to Commit Wire Fraud</u>

   <u>Title 18, United States Code, Section 1349</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross loss or gross gain**

Count #2:

   <u>Conspiracy to Commit Money Laundering</u>

   <u>Title 18, United States Code, Section 1956(h)</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**

Count #3:

   <u>Conspiracy to Commit Money Laundering</u>

   <u>Title 18, United States Code, Section 1956(h)</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**

Counts #8, 10, 18, 20, 24, 25:

   <u>Wire Fraud</u>

   <u>Title 18, United States Code, Section 1343</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross loss or gain**

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #26:

   Aggravated identity theft

   Title 18, United States Code, Section 1028A
**\* Min. & Max. Term of Imprisonment: 2 years consecutive to any other term of
imprisonment imposed on the person under any other provision of law
\* Max. Supervised Release: 3 years
\* Max. Fine: $250,000**

Counts #30-31:

   Money Laundering

   Title 18, United States Code, Section 1956(a)(1)(B)(i)
**\* Max. Term of Imprisonment: 20 years
\* Max. Supervised Release: 3 years
\* Max. Fine: $500,000 or twice amount laundered**

Counts #34-35:

   International Money Laundering

   Title 18, United States Code, Section 1956(a)(2)(B)(i)
**\* Max. Term of Imprisonment: 20 years
\* Max. Supervised Release: 3 years
\* Max. Fine: $500,000 or twice amount laundered**

Count #37:

   Engaging in a Transaction in Criminally Derived Property

   Title 18, United States Code, Section 1957
**\* Max. Term of Imprisonment: 10 years
\* Max. Supervised Release: 3 years
\* Max. Fine: $250,000 or twice value of derived property**

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not
include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>REGINE MARIE RENE</u>

**Case No**:  <u>22-CR-80144-SMITH/MAYNARD(s)(s)</u>

Count #1:

   <u>Conspiracy to Commit Wire Fraud</u>

   <u>Title 18, United States Code, Section 1349</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross loss or gross gain**

Count #2:

   <u>Conspiracy to Commit Money Laundering</u>

   <u>Title 18, United States Code, Section 1956(h)</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**

Counts #6, 12, 19, 23:

   <u>Wire Fraud</u>

   <u>Title 18, United States Code, Section 1343</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross loss or gain**

Count #28:

   <u>Money Laundering</u>

   <u>Title 18, United States Code, Section 1956(a)(1)(B)(i)</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: BRIANNA MONIQUE GAYLE

**Case No**: 22-CR-80144-SMITH/MAYNARD(s)(s)

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross loss or gross gain**

Count #2:

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**

Counts #16, 23:

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross loss or gain**

Count #29:

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>MAURICE SHAZIER</u>

**Case No**:  <u>22-CR-80144-SMITH/MAYNARD(s)(s)</u>

Count #1:

   <u>Conspiracy to Commit Wire Fraud</u>

   <u>Title 18, United States Code, Section 1349</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross loss or gross gain**

Count #2:

   <u>Conspiracy to Commit Money Laundering</u>

   <u>Title 18, United States Code, Section 1956(h)</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**

Counts #9, 11, 13-15, 21, 22:

   <u>Wire Fraud</u>

   <u>Title 18, United States Code, Section 1343</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross loss or gross gain**

Counts #32-33:

   <u>Money Laundering</u>

   <u>Title 18, United States Code, Section 1956(a)(1)(B)(i)</u>
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ROBENSON LAUVINCE

**Case No**:  22-CR-80144-SMITH/MAYNARD(s)(s)

Count #1:

___ Conspiracy to Commit Wire Fraud ___

___ Title 18, United States Code, Section 1349 ___
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross *loss or* gross gain**

Count #2:

___ Conspiracy to Commit Money Laundering ___

___ Title 18, United States Code, Section 1956(h) ___
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**

Counts #5, 7, 17:

___ Wire Fraud ___

___ Title 18, United States Code, Section 1343 ___
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or twice gross loss or gain**

Count #27:

___ Money Laundering ___

___ Title 18, United States Code, Section 1956(a)(1)(B)(i) ___
* **Max. Term of Imprisonment: 20 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $500,000 or twice amount laundered**         .

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #36:

Engaging in a Transaction in Criminally Derived Property

Title 18, United States Code, Section 1957
* Max. Term of Imprisonment: 10 years
* Max. Supervised Release: 3 years
* Max. Fine: $250,000 or twice amount of criminally derived property

*Refers only to possible term of incarceration, supervised release and fines.  It does not
include restitution, special assessments, parole terms, or forfeitures that may be applicable.