UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80144-CR-Smith/Maynard(s)(s)

UNITED STATES OF AMERICA

v.

JOFF STENN WROY PHILOSSAINT,

    Defendant.

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States respectfully requests that the following jury instructions be given at trial in this case pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government respectfully requests that it be allowed to propose such additional instructions as become appropriate based upon the testimony and evidence at trial, and that it be informed prior to closing arguments which instructions the Court will accept.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:    s/ Marc Osborne
       Assistant United States Attorney
       Court ID# A5500796
       99 Northeast 4th Street
       Miami, Florida 33132-2111
       Tel: (305) 961-9198
       Fax: (305) 530-7976
       marc.osborne@usdoj.gov

B1
**Face Page—Introduction**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## B2.1/B2.2
## The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.[1] The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[1] If all defendants testify, the Court should omit this sentence.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all *possible* doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Uncalled Witnesses—Equally Available to Both Sides**[2]
(If Applicable)[3]

There are people whose names you heard during the course of the trial but did not testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

---

[2] Adapted from 1 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 6-7 (2000). *See United States v. Esle*, 743 F.2d 1465, 1477-78 (11th Cir. 1984) (after defense argued that jury could draw a negative inference from prosecution's failure to call a certain witness, court properly instructed jury that "subpoena power is available to defendants, . . . but you must bear in mind that the defendant has no burden of proof. The Government has the entire burden of proof."); *United States v. Vincent*, 648 F.2d 1046, 1051 (5th Cir. 1981) (after defense argued that jury could draw a negative inference from prosecution's failure to call a certain witness, court properly "told the jury that the witness could have been called by either side, but that the defendant was not obliged to call any witness, as he could rely on his presumption of innocence should he choose to do so"; court also notes, "Generally, no unfavorable presumption may be drawn from the failure to call a witness that is equally available to both sides."); *United States v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1971) (court properly "told the jury that if there were any witnesses in the courtroom either the Government or the Defendant had the right to call them"; court also notes, "The long-standing rule in this circuit is that any inference from a party's failure to call a certain witness equally available to both parties is impermissible."); *United States v. Bahna*, 68 F.3d 19, 21-22 (2d Cir. 1995) (approving of the following instruction: "'There are several other persons whose names you have heard during [the] course of this trial and one or more of the attorneys have referred to their absence from this trial. Neither the defendant nor the government could benefit from the absence of such witnesses . . . because each side has an equal opportunity, or lack of opportunity, to have them testify. If either side had wanted any of them here, so far as the record shows, they had equal opportunity to get them and absence should not affect your judgment in passing on this case or in determining the guilt or innocence of the defendant. Bear in mind, of course, that the law never imposes upon the defendant in a criminal case the burden of producing or calling any witnesses or producing any evidence.'"). Courts in this district have given this instruction in *United States v. Maceira*, Case No. 06-20218-CR-Seitz(s), *United States v. Fernandez*, Case No. 06-20322-CR-Altonaga(s), and *United States v. Pearson*, Case No. 17-80080-CR-Bloom.

[3] The government recommends that the Court give this instruction only if the defense makes an argument at trial to which the instruction applies.

## O120
**Procurement of Citizenship or Naturalization Unlawfully**
18 U.S.C. § 1425

The Defendant is charged with procuring citizenship contrary to law.[4] It's a Federal crime for any person to knowingly procure or attempt to procure, contrary to law, the naturalization of any person.

The Defendant can be found guilty of this offense, only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant knowingly procured

(2)   contrary to law

(3)   the naturalization of any person.

"Naturalization" means conferring citizenship on a person after his or her birth.[5]

A defendant acts "contrary to law" if the defendant knowingly makes a false statement under oath in a proceeding or matter relating to naturalization.[6]

---

[4] The government has added this sentence to replace pattern instruction B8 (Introduction to Offense Instructions). Pattern instruction B8 primarily discusses the distinction between conspiracies and substantive offenses. However, Philossaint has already pled guilty to the conspiracies with which he was charged.
[5] Adapted from 8 U.S.C. § 1101(a)(23).
[6] 18 U.S.C. § 1015

## B9.2
## On or About a Particular Date; Knowingly

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

## B11
## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## B12
## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

## B10.1
## Caution: Punishment
## (Single Defendant, Single Count)

I caution you that the Defendant is on trial only for the specific crime charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of that specific crime.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.