UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80144-CR-SMITH/MAYNARD(s)(s)

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JOFF STENN WROY PHILOSSAINT,
      Defendant.
_____/

### MOTION FOR JUDGMENT OF ACQUITTAL
### OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

The defendant, Joff Philossaint, through undersigned counsel, hereby file this Motion for Judgment of Acquittal or, in the Alternative, for a New Trial pursuant to Federal Rules of Criminal Procedure 29(c) and 33 and the Sixth Amendment to the United States Constitution, on the grounds that the weight of the evidence does not support the verdict.

In support thereof, he would state as follows:

### BACKGROUND

Joff Philossaint was indicted with one count of conspiracy to commit wire fraud, two counts of conspiracy to commit money laundering, and one count of obtaining citizenship by fraud. Philossaint pled guilty to the first three counts, and proceeded to trial on count 4, obtaining citizenship by fraud. The trial began on February 6, 2023 and ended on February 7, 2023. The jury convicted Mr. Philossaint of the sole count presented at trial.

The government's theory of prosecution was that Mr. Philossaint knowingly made misrepresentations during the immigration process. Mr. Philossaint's defense was primarily that he did not knowingly lie on his immigration application and attendant documents. Rather, his

1

answers were truthful based upon his understanding of the law at the time. Mr. Philossaint, once arrested and represented by counsel, came to reaalize that his underlying conduct was, in fact, criminal. As such, as indicated above, he pled guilty to the charges of conspiracy to commit wire fraud and conspiracy to commit money laundering. However, at the time his statements to immigration officials were made, he did not know them to be untrue. Mr. Philossaint was new to this country, had limited knowledge of the laws of the United States, and was influenced by a yet to be indicted co-conspirator who convinced him that what they were doing was lawful. The Government failed to meet its burden of proof as to the elements of the crime, to wit: (1) the Defendant **knowingly** procured (2) contrary to law (3) the naturalization of any person.

## MEMORANDUM OF LAW

Mr. Philossaint moves for a judgement of acquittal or a new trial because the verdict was not supported by the weight of the evidence. Under Federal Rule of Criminal Procedure 29, "after the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Fed. R. Crim. P. 33 provides that "upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Here, the evidence was insufficient to sustain a conviction. Further, Mr. Philossaint had the right to a fair trial under the Sixth Amendment to the United States Constitution. He was deprived of that right when the jury convicted him. The interests of justice therefore require a new trial.

### *The verdict is not supported by the weight of the evidence*

After the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. Fed. R. Crim. P. 29(c)(2). A motion for acquittal must be granted when, after

viewing the evidence in the light most favorable to the government, the court finds that a reasonably minded jury must have a reasonable doubt as to the existence of any essential elements of the crimes charged." United States v. Frol, 518 F.2d 1134 (8th Cir. 1975); United States v. Davis, 981 F.2d 906 (6th Cir. 1992). Unlike with a motion for judgment of acquittal, in cases where the defense requests a new trial based on the weight of the evidence, "the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). Further, if the court finds that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred," the court may grant a new trial. Id. In Martinez, the Eleventh Circuit pointed out that courts have granted new trial motions in cases where "the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies." Id. at 1313 (citing United States v. Simms, 508 F. Supp. 1188,1204-08 (W.D. La. 1980) (wherein the court granted a new trial because there was no direct proof of the defendant's guilt and "the government's case depend[ed] upon inferences upon inferences drawn from uncorroborated testimony that . . . is subject to questions of credibility.")). Here, there was no direct proof of Mr. Philossaint's guilt. Furthermore, even the lead case agent, Special Agent Michelle McDaniels of the FBI, testified that she did not know if Mr. Philossaint was aware of the criminality of his actions at the time he provided the answers regarding same to immigration officials.  If Special Agent McDaniels did not know, how could the jury have been convinced of guilt beyond a reasonable doubt?

While the answers provided by Mr. Philossaint turned out to be false, the jury was presented with no proof that his statements were made to immigration officials, knowing them to

be so at the time.

## CONCLUSION

Any reasonably minded jury must have a reasonable doubt as to whether Mr. Philossaint knowingly committed a crime as charged in count four of the second superseding indictment. Mr. Philossaint respectfully requests this Honorable Court enter a judgment of acquittal or, in the alternative, grant him a new trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been electronically filed and served on counsel for all parties via CM/ECF this 13th day of February, 2023.

Respectfully submitted,

LAW OFFICES OF IAN GOLDSTEIN P.A.
Counsel for Defendant Philossaint
330 Clematis Street, Suite 209
West Palm Beach, FL  33401
Tel: (561) 600-0950
Email: ian@iangoldsteinlaw.com
*/s/ Ian J. Goldstein*
IAN J. GOLDSTEIN, ESQUIRE
Florida Bar No. 0085219