UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80144-CR-Smith/Maynard(s)(s)

UNITED STATES OF AMERICA

v.

JOFF STENN WROY PHILOSSAINT,

    Defendant.

**GOVERNMENT'S RESPONSE TO MOTION
FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL**

The United States respectfully opposes defendant Joff Stenn Wroy Philossaint's Motion for Judgment of Acquittal or, in the Alternative, for a New Trial (D.E. 202).

In assessing a motion for judgment of acquittal, the Court

> view[s] the evidence in the light most favorable to the verdict and draw[s] all reasonable inferences and credibility choices in the verdict's favor. A guilty verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt. Because a jury is free to choose among the reasonable constructions of the evidence, it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt.

*United States v. Godwin*, 765 F.3d 1306, 1319–20 (11th Cir. 2014) (internal quotation marks and citations omitted). Philossaint argues that his statements at his naturalization interview "were truthful based upon his understanding of the law at the time. Mr. Philossaint, once arrested and represented by counsel, came to realize that his underlying conduct was, in fact, criminal." D.E. 202 at 1–2. He also argues that the government presented "no direct proof" of his guilt. D.E. 202 at 3.

At trial, the government admitted three applications submitted on behalf of Royal Elite Trans, LLC, One Solution Group LLC, and Dad Money Investment Group LLC, all of which were 100% owned by Philossaint. GX 14–16. We also admitted analyses of Royal Elite Trans's and One Solution Group's bank records, which established that Royal Elite Trans's application significantly overstated its revenues and One Solution Group's application very significantly overstated its monthly payroll. GX 35r, 36p. Dad Money's application, submitted on August 7, 2020, represented that the company had $398,774 in gross revenues during the 12 months prior to January 31, 2020. In reality, the company was organized and opened its bank account only in July 2020. GX 10, 16, 26.

At Philossaint's naturalization interview on December 15, 2020, a U.S. Citizenship and Immigration Services (USCIS) officer asked Philossaint whether he had ever made any misrepresentation to obtain any public benefit in the United States. He responded that he had not. GX 46 at 35. Regardless of whether Philossaint understood in December 2020 that it was a crime to make misrepresentations to obtain a public benefit, the jury was still entitled to conclude that Philossaint knew in December 2020 that he had made such misrepresentations, and therefore that he knowingly made a false statement at his naturalization interview. On that basis, the jury could find that he had knowingly made false statements under oath at his naturalization interview.

In his naturalization interview, the USCIS officer also asked Philossaint whether he had ever committed, assisted in committing, or attempted to commit, a crime or offense for which he was not arrested. GX 46 at 30. Philossaint also answered no. Although the jury was entitled to find Philossaint guilty without consideration of this question, it was also entitled to find that Philossaint

knowingly answered this question falsely. The Royal Elite and Dad Money applications warned Philossaint that "any false statement or misrepresentation to the Small Business Administration may result in criminal, civil or administrative sanctions including, but not limited to fines and imprisonment . . . ." GX 14 at 3; GX 16 at 3. The One Solution Group application warned Philossaint that "knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including . . . by imprisonment . . . ." GX 15 at 2. On the One Solution Group application, Philossaint initialed next of this warning. GX 15 at 2. Therefore, the jury was entitled to conclude that Philossaint knew that he was committing a crime when he submitted his fraudulent loan applications.

Because the jury was entitled to conclude that Philossaint knowingly made false statements in his naturalization interview, Philossaint's motion for judgment of acquittal should be denied. In the alternative, Philossaint moves for a new trial. When considering a motion for new trial, the Court "need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). Nevertheless, "[t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1312–13. Therefore, "courts have granted new trial motions based on weight of the evidence only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies." *Id.* at 1313 (11th Cir. 1985). Nothing of the sort is true here.

Philossaint argues that, at the time of his naturalization interview, he was "new to this country, had limited knowledge of the laws of the United States, and was influenced by a yet to be indicted co-conspirator who convinced him that what they were doing was lawful." D.E. 202 at 2. But Philossaint did not introduce any evidence that he had limited knowledge of the laws of United States, that he was influenced by his conspirator, or that his conspirator convinced him that his actions were legal. These are unsupported allegations. Even Philossaint's assertion that he was "new to this country" is questionable. Philossaint entered the United States in 2016; by the time of his naturalization interview, he had been in this country for four years. In short, none of Philossaint's factual assertions undermine the jury's verdict.

Philossaint does not call the Court's attention to any significant impeachment of the government's witnesses nor to any uncertainties or discrepancies in our evidence. He argues that Special Agent Michelle McDaniel did not know whether Philossaint knew that his actions were criminal. D.E. 202 at 3. On cross-examination, Special Agent McDaniel agreed that she did not have personal knowledge of Philossaint's subjective state of mind; she was not asked whether she believed that the evidence established Philossaint's guilt. If Philossaint disagrees with the government's recollection of Special Agent McDaniel's testimony, he should order the transcript in support of his motion. However, regardless of Special Agent McDaniel's testimony, the determination of Philossaint's knowledge was for the jury. The evidence does not strongly preponderate against the jury's verdict; therefore, Philossaint's motion should be denied.

Furthermore, Philossaint's arguments for a new trial deal concern only his statement that he had never committed a crime for which he had not been arrested. He does not address his other

false statement during his naturalization interview, namely, that he had never made misrepresentations to obtain a public benefit in the United States. Even assuming for purposes of argument that Philossaint did not understand the American legal system, that a conspirator convinced him that his actions were legal, and that Special Agent McDaniel did not know whether he knew that his actions were criminal, the fact remains that he made misrepresentations to obtain government loans and then denied those misrepresentations when interviewed by USCIS. Based on this separate statement, the evidence does not preponderate heavily against the verdict and Philossaint is not entitled to a new trial.

WHEREFORE, the Motion for Judgment of Acquittal or, in the Alternative, for a New Trial should be denied.

          Respectfully submitted,

          MARKENZY LAPOINTE
          UNITED STATES ATTORNEY

By:   s/ Marc Osborne
      Assistant United States Attorney
      Court ID# A5500796
      500 S. Australian Avenue, Suite 400
      West Palm Beach, Florida 33401
      Tel: (561) 209-1014
      marc.osborne@usdoj.gov