UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80144-CR-Smith/Maynard(s)(s)

UNITED STATES OF AMERICA

v.

JOFF STENN WROY PHILOSSAINT,

Defendant.

**GOVERNMENT'S RESPONSE TO MOTION TO WITHDRAW**

The United States respectfully responds to defendant Joff Stenn Wroy Philossaint's Motion to Withdraw as Counsel (D.E. 211).

Philossaint was indicted for conspiracy to commit wire fraud, conspiracy to launder money, and procuring naturalization contrary to law. D.E. 32, 58, 107. He pled guilty to conspiracy to commit wire fraud and conspiracy to launder money. D.E. 93. He was found guilty at trial of procuring naturalization contrary to law. D.E. 198. He has been represented throughout the case by Ian Goldstein, whom he retained.

In his motion to withdraw, Goldstein represents that, "since the jury's verdict, there have arisen irreconcilable differences between the undersigned counsel and the defendant, which have resulted in counsel's inability to provide continued effective counsel to Mr. Philossaint." D.E. 211 at ¶ 4. He further states that Philossaint cannot afford new counsel, and therefore requests appointment of counsel. D.E. 211 at ¶ 6.

If Philossaint wants to discharge his retained counsel, the Sixth Amendment guarantees him the right to do so, regardless of whether there are irreconcilable differences between Philossaint and Goldstein. *See United States v. Jimenez-Antunez*, 820 F.3d 1267, 1271 (11th Cir. 2016) ("Because a defendant who moves to dismiss his retained counsel maintains the right to counsel of choice, a district court cannot require the defendant to show good cause.") And Philossaint has the right to discharge retained counsel even if Philossaint would then need appointment of counsel. *See id.* ("A defendant exercises the right to counsel of choice when he moves to dismiss retained counsel, regardless of the type of counsel he wishes to engage afterward. . . . . . . . . [A] defendant may discharge his retained counsel without regard to whether he will later request appointed counsel."). However, Goldstein's motion does not state that Philossaint wants Goldstein replaced, only that, in Goldstein's opinion, irreconcilable differences have arisen between them. On Tuesday, March 7, 2023, the undersigned spoke with Goldstein. Goldstein confirmed that Philossaint has not expressed a desire for new counsel, but that Goldstein believes that there are irreconcilable differences between himself and Philossaint.

Given this law and these facts, the government recommends that the Court proceed as follows: The Court should hold a hearing with Philossaint present. At the hearing, the Court should first determine whether Philossaint wishes to discharge Goldstein. If so, the Court should determine whether Philossaint is indigent. If Philossaint wishes to discharge Goldstein and is indigent, the Court should grant Goldstein's motion to withdraw and should appoint counsel for Philossaint.[*] If Philossaint wishes to discharge Goldstein but is not indigent, the Court should still allow Philossaint

---

[*] The Federal Public Defender represented codefendant Breanna Monique Gayle.

to exercise his right to discharge Goldstein. However, in that circumstance, the government recommends that the Court wait until new counsel has filed a notice of appearance before allowing Goldstein to withdraw. Otherwise, Philossaint might be left without representation. On the other hand, if Philossaint wants to continue with Goldstein as his attorney, the Court should determine whether there are indeed irreconcilable differences between Goldstein and Philossaint, such that Goldstein cannot provide effective assistance of counsel. If so, the Court should grant Goldstein's motion to withdraw. In that case, the Court should again determine whether Philossaint is indigent. If he is, the Court should counsel for him. However, if the Court finds that Goldstein is capable of providing effective assistance and that Philossaint wants him to do so, the Court should deny Goldstein's motion to withdraw.

WHEREFORE, the government recommends the Court hold a hearing as described above.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   s/ Marc Osborne
      Assistant United States Attorney
      Court ID# A5500796
      500 S. Australian Avenue, Suite 400
      West Palm Beach, Florida 33401
      Tel: (561) 209-1014
      marc.osborne@usdoj.gov