UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80144-SMITH(s)(s)

UNITED STATES OF AMERICA

v.

JOFF STENN WROY PHILOSSAINT,

Defendant.

## GOVERNMENT'S SECOND MOTION TO DENATURALIZE

The United States respectfully moves this Court to denaturalize defendant Joff Stenn Wroy Philossaint.

On September 8, 2022, a federal grand jury charged Philossaint with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; conspiracy to launder money, in violation of 18 U.S.C. § 1956(h); wire fraud, in violation of 18 U.S.C. § 1343, and obtaining citizenship contrary to law, in violation of 18 U.S.C. § 1425. D.E. 32; *see also* D.E. 58 (superseding indictment); D.E. 107 (second superseding indictment). On November 14, 2022, Philossaint pled guilty to the conspiracy charges. D.E. 93. On February 7, 2023, after a trial, a jury found Philossaint guilty of obtaining citizenship contrary to law. D.E. 195. On June 26, 2023, the Court sentenced Philossaint to 50 months' incarceration, 3 years supervised release, a $400 special assessment, $3,850,012.34 in restitution, and forfeiture. D.E. 311; D.E. 314. The same day, the Court issued a preliminary order of forfeiture, ordering forfeiture in the amount of $673,210. D.E. 312. Also on June 26, the government moved to denaturalize

Philossaint. D.E. 310. On July 10, 2023, Philossaint filed a notice of appeal. D.E. 324. On August 9, 2023, the Court issued an amended judgment, correcting the amount of restitution. D.E. 336. On August 24, 2023, the Court issued an order "denying without prejudice until such time as the appeal process is complete" the government's motion to denaturalize Philossaint. D.E. 343.

On appeal, Philossaint did not challenge the jury's finding that he was guilty of obtaining citizenship contrary to law; he argued only that the amount of forfeiture was too large. D.E. 598 at 5. In its opinion, the court of appeals noted that "Mr. Philossaint proceeded to trial on a . . . charge of obtaining citizenship by fraud, and the jury found him guilty of that charge. That conviction is not at issue in this appeal." D.E. 598 at 5 n. 1. The court of appeals vacated the Court's forfeiture order and remanded the case. D.E. 598 at 18. The court of appeals issued its mandate on July 31, 2025. D.E. 598.

Philossaint was released from BOP custody on August 8, 2025. On October 15, 2025, the government filed an unopposed motion for a new preliminary order of forfeiture, in a smaller amount. D.E. 599. That motion is pending.

Title 8, United States Code, Section 1451(e) provides,

> When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. Jurisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication.

2

Subsection (f) provides that "[a] person holding a certificate of naturalization or citizenship which has been canceled as provided by this section shall upon notice by the court by which the decree of cancellation was made . . . surrender the same to the Attorney General."

As quoted above, the statute mandates denaturalization when a person is "convicted" of violating 18 U.S.C. § 1425. For purposes of the Immigration and Nationality Act, "the term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien entered by a court . . . ." 8 U.S.C. § 1101(a)(48)(A). It is not clear whether this definition applies to section 1451, which concerns denaturalization of citizens, because a citizen, before denaturalization, is not an alien. *See* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States."). Section 1451 does not otherwise define the term 'conviction'. However, where a statute refers to "convictions" without defining the term, the Eleventh Circuit presumes that the statute intends the ordinary definition of that term, which is "the judgment of a jury or judge that a person is guilty of a crime as charged." *United States v. Tigua*, 963 F.3d 1138, 1142–43 (11th Cir. 2020) (quoting *Conviction, American Heritage Dictionary* (5th ed. 2015)) (interpreting First Step Act § 402(b), 18 U.S.C. § 3553(f)). Therefore, Philossaint has indisputably been "convicted" of a violation of section 1425. That conviction occurred, at the latest, on June 26, 2023, when the court entered its judgment, and it may have occurred earlier, on February 7, 2023, when the jury returned its verdict. Either way, section 1451(e) specifies that the Court "shall" denaturalize Philossaint.

3

The Court denied the government's previous motion to denaturalize Philossaint because his appeal was pending. However, there is no need for further forbearance in considering the government's motion for denaturalization. In the first place, the Court retains jurisdiction to denaturalize a defendant while his case is on appeal, because "[t]he revocation is a simple ministerial task and involves no exercise of discretion because the revocation is statutorily mandated." *United States v. Maduno*, 40 F.3d 1212, 1218 (11th Cir. 1994). *Maduno* cited with approval *United States v. Bridges*, 90 F. Supp. 973, 974 (N.D.Cal.1950), for the proposition that "the revocation does not have to wait until the defendant appeals his conviction." *Id*. Furthermore, Philossaint did not appeal his conviction for violating section 1425, only his order of forfeiture. And Philossaint's appeal is now complete. Although his case has been remanded to this Court, only the order of forfeiture is at issue on remand. Therefore, there is no reason to delay entry of the order of denaturalization.

On December 1, 2025, the undersigned emailed Scott Sakin, Philossaint's most recent attorney of record, for Philossaint's position on this motion. On December 2, Sakin emailed the undersigned that "I no longer represent Joff Philossaint in the trial court. Accordingly, I am not authorized to speak on his behalf." Sakin stated that Philossaint "may" have an immigration attorney and that Sakin would "hopefully speak to the attorney so that the attorney may contact you." If the government learns Philossaint's position on this motion from any attorney representing Philossaint, the government will inform the court. In

the meantime, the government will serve a copy of this motion by first class mail on Philossaint at his residence.

WHEREFORE, the government respectfully moves this Court to denaturalize Philossaint and to order that he surrender his certificate of naturalization or citizenship.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   s/ Marc Osborne
Assistant United States Attorney
Court ID# A5500796
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1014
marc.osborne@usdoj.gov

5

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 2, 2025, I will cause the foregoing to be served by first class mail on pro se defendant Joff Stenn Wroy Philossaint at his residential address in Little Elm, Texas. To comply with Federal Rule of Criminal Procedure 49.1(a), the government has not included Philossaint's full residential address in this filing.

Marc Osborne
Assistant United States Attorney
Court ID# A5500796
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1014
marc.osborne@usdoj.gov